

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 6, 1961

Honorable Jarvis Wieser
County Attorney
Gillespie County
Fredericksburg, Texas

Opinion No. WW-1194

Re: Whether it is mandatory or discretionary on the part of the Commissioners' Court to call an airport bond election; whether a county may legally issue negotiable securities for the purpose stated in the petition; and whether proceeds may be used to construct a building to be leased to a private corporation for its use in manufacturing aircraft.

Dear Mr. Wieser:

In your letter requesting an opinion of this office, you state that a petition has been presented to the Commissioners' Court of Gillespie County requesting that an election be ordered ". . . to vote on the matter of authorizing the issuance of negotiable bonds of Gillespie County, Texas, for the purpose of improving, operating and maintaining the airport of Gillespie County, Texas, and providing suitable structures and facilities therein . . ." You have asked the following questions:

"1. Assuming the purpose for which bonds are sought to be issued as set forth in a petition is legal, is the matter of calling an election discretionary on the part of the Commissioners' Court, or is it mandatory?

"2. May a county legally issue negotiable securities for the purpose and under the circumstances set forth in the foregoing statement and enclosure, following a favorable majority vote of qualified voters?

> "3.    Assuming a bond election is called
> 'For the purpose of improving, operating and
> maintaining the Airport of Gillespie County,
> Texas, and providing suitable structures and
> facilities therein', and a favorable majority
> vote of the qualified taxpaying voters  re-
> sults, may the money realized from the bond
> issue be used for the purpose of constructing
> hangar type buildings to be leased by the
> county to a private corporation for its use
> in manufacturing aircraft?"

In your brief, you quote from Article 1269h, V.C.S.,
and we assume that the bonds contemplated will be issued pur-
suant to the provisions of this article.  Said article au-
thorizes the Commissioners' Court of any county to issue nego-
tiable bonds of the county and to levy taxes to provide for
the interest and sinking funds of any bonds so issued

> "For the purpose of condemning or purchasing,
> either or both, lands to be used and main-
> tained as provided in Section 1 hereof, and
> improving and equipping the same for such
> use, . . ."

This article further provides that the authority given for
the issuance of bonds and the levy of taxes is to be exer-
cised in accordance with the provisions of Chapter 1 of
Title 22 of the Revised Civil Statutes of 1925 (Art. 701
et seq., V.C.S.).  This chapter, in Art. 701, V.C.S., pro-
vides that —

> "The bonds of a county . . . shall never be
> issued for any purpose unless a proposition
> for the issuance of such bonds shall have
> been first submitted to the qualified voters
> who are property taxpayers of such county,
> . . . ".

Said chapter provides also for details of the required elec-
tion, such as submission of the proposition and its contents,

time of election, notice of election, and the form of the ballot. There is, however, no provision whatsoever for a petition requesting that an election be called or requiring that an election be called when a petition is presented. Therefore, in answer to your first question, it is the opinion of this office that the matter of calling an election under the stated circumstances is entirely discretionary on the part of the Commissioners' Court.

In order for a Commissioners' Court to lawfully issue negotiable securities of a county, there must be express authority to issue such securities for the stated purpose. It is not a power to be implied. Lasater v. Lopez, 110 Tex. 179, 217 S.W.373 (1919). The petition to which you refer asks for an election for securities for the purpose of ". . . improving, operating and maintaining the airport . . ." Article 1269h, V.C.S., authorizes negotiable bonds for the purposes set out above. In other words, under Article 1269h, a county may issue negotiable securities to acquire land to be used and maintained as an airport, and for " . . . improving and equipping the same for such use." (Emphasis added). These are the only purposes for which negotiable bonds are authorized by Article 1269h. While the purpose clause in the petition does include "improving", which is an authorized purpose, it also includes "operating" and "maintaining", for which purposes there is no authorization. We are of the opinion that the purpose clause must stand or fall as a whole. Therefore, since the purpose clause stated in the petition contains elements for which there is no authorization, a county may not legally issue negotiable securities for the purpose stated in the petition which has been presented to the Commissioners' Court of Gillespie County.

Your third question is answered in the negative, for the following reasons:

The Texas courts have consistently held that the Commissioners' Court is a court of limited jurisdiction and has only such powers as are conferred upon it, either by express terms or by necessary implication, by the statutes and Constitution of this State. Childress County v. State, 127 Tex.343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W.508 (Civ.App. 1915, error ref.); Roper v. Hall,

280 S.W.289 (Civ.App. 1925); Art. 2351, V.C.S.; 11 Tex. Jur. 632, Counties, Sec. 95.

The authority to lease all or part of any airport or property connected therewith which is conferred by Art. 1269h, supra, is only for some use which is connected with the maintenance and operation of an airport. Attorney General's Opinion No. V-1162 (see attached copy). It is the opinion of this office that the manufacturing of aircraft by a private corporation is not a use which is connected with the operation and maintenance of an airport, and, therefore, the Commissioners' Court is not authorized to lease buildings to a private corporation for its use in manufacturing aircraft.

SUMMARY

Since there is no statutory provision for a petition under Article 1269h, V.C.S., the petition which has been presented to the Commissioners' Court has no legal effect and the calling of an election as requested by the petition is discretionary on the part of the Commissioners' Court. The Commissioners' Court may not legally issue negotiable securities for the purpose stated in the petition. The Commissioners' Court may not use the proceeds of such a bond issue to build hangar type buildings to be leased to a private corporation for its use in manufacturing aircraft.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

Robert T. Lewis
Assistant

RTL-s

Honorable Jarvis Wieser, page 5 (WW-1194)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Riley Eugene Fletcher
Norman V. Suarez
Linward Shivers


REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.